**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**DAYTON DIVISION**

| | | |
|---|---|---|
| **THERESA LAMBERT** ) | | |
| 2032 Silver Palm Road ) | Case No. | |
| North Port, FL 34288 ) | | |
| ) | | |
| Plaintiff, ) | Judge: | |
| ) | | |
| v. ) | | |
| ) | | |
| **DARKE COUNTY RECOVERY** ) | | |
| **SERVICES, INC.** ) | | |
| **DBA: Recovery & Wellness Centers** ) | **COMPLAINT WITH** | |
| **of Midwest Ohio** ) | **ENDORSED JURY** | |
| 600 Walnut Street ) | **DEMAND** | |
| Greenville, OH 45331 ) | | |
| ) | | |
| Defendant. ) | | |

Plaintiff, Theresa Lambert ("Plaintiff" or "Ms. Lambert"), by and through counsel, hereby states as follows for her Complaint against Defendant Darke County Recovery Services, Inc. (DBA: Recovery & Wellness Centers of Midwest Ohio) ("Defendant" or "the Center"):

1.  Plaintiff has been denied rights guaranteed to her by federal and state law. Because of the acts and omissions of the Defendant as alleged herein, Plaintiff was discriminated against based upon her sex and retaliated against for making a formal complaint about such discrimination, in violation of The Equal Pay Act of 1963, Title VII of The Civil Rights Act of 1964, and corresponding Ohio or Florida state law.

**PARTIES**

2.  Defendant is a corporation organized under the laws of Ohio that does business as "Recovery & Wellness Centers of Midwest Ohio."

3. Defendant has three locations in Ohio, conducts business in Darke County, Ohio, regularly conducts substantial business within the territory comprising the Southern District of Ohio, Dayton Division, maintains its principal place of business in Darke County, Ohio, and employs more than 50 persons. Defendant is an "employer" under the federal and state laws applicable to Plaintiff's claims.

4. Theresa Lambert ("Lambert" or "Plaintiff"), is a female who worked for Defendant as a Psychiatric APRN in its Medsom department, most recently from her home office in North Port, Florida. Plaintiff is a covered "employee" under the federal and state laws applicable to Plaintiff's claims.

5. Starting on July 19, 2016, Lambert was employed by Defendant.

6. Plaintiff has worked at all three of Defendant's Ohio locations.

7. Defendant employs more than fifty employees and has had twenty or more employees working twenty or more weeks annually at all times relevant to this complaint.

## JURISDICTION AND VENUE

8. This Court has jurisdiction to hear Plaintiff's Complaint pursuant to 28 U.S.C. §§ 1331 and 1367, as this case involves federal questions and Plaintiff's state law claims are so related to Plaintiff's federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

9. This Court also has diversity jurisdiction over Plaintiff's Complaint pursuant to 28 U.S.C. § 1332, as the parties are completely diverse and the amount in controversy exceeds $75,000.00.

10. Venue is proper in this Division and District pursuant to 28 U.S.C. §1391, because Defendant is a resident of this Division and District and regularly conducts business in this Division and District.

11. Plaintiff is contemporaneously filing charges with Ohio Civil Rights Commission, Florida Commission on Human Relations, and EEOC to perfect additional claims that will be joined by amendment to this Complaint.

## FACTS

12. Theresa Lambert is a female.

13. Ms. Lambert worked for Defendant as a Psychiatric APRN in its Medsom department, until September 16, 2021.

14. Ms. Lambert had been employed by Defendant since July 19, 2016.

15. Ms. Lambert's most recent wage was $91.23/hr.

16. In or around June or July of 2019 Defendant hired a less qualified male as a Psychiatric APRN in its Medsom department ("Ms. Lambert's male equivalent").

17. Defendant initially employed Ms. Lambert's male equivalent as a Psychiatric APRN in its Medsom department at a wage of $105/hr. and, upon information and belief, currently pays him as a Psychiatric APRN in its Medsom department $106.05/hr.

18. When Defendant hired Ms. Lambert's male equivalent, Ms. Lambert was earning only $90.00/hr. as a Psychiatric APRN in Defendant's Medsom department.

19. The positions filled by Ms. Lambert's male equivalent and Ms. Lambert are and were substantially identical, requiring equal work, equal skill, equal effort, equal responsibility, the same licensure and education, and similar working conditions:

3

  a. The positions have/had the identical title.

  b. The positions have/had identical job descriptions.

  c. The positions report/ed to the same supervisor.

  d. The positions entail/ed identical "values."

  e. The positions require/d identical responsibilities, which in conjunction with a collaborating physician, include/d:

- Conducting psychiatric examinations.
- Making diagnoses and prescribing medication within the scope of practice.
- Consulting and cooperating with other professional individuals and agencies.
- Maintaining computerized entry of psychiatric records and reports, including all contacts with patients.
- Ordering and reviewing laboratory work for patients as clinically and medically indicated, within scope of practice.
- Participating in professional development activities.
- Providing psychiatric input to program management.
- Adhering to agency policy and procedure.
- Complying with HIPAA guidelines.

  f. Both Ms. Lambert and Ms. Lambert's male equivalent were expected to maintain 70% productivity.

      g.    The positions require/d identical knowledge and abilities, including:

- Knowledge of general medicine and psychiatry; skill in the evaluation and treatment of mental illness; community needs and resources in the field of mental health; computerized medical records; and good written and oral skills.

- The abilities to establish and maintain effective relationships with patients, other professionals in the field, interested organizations, and the general public; and to effectively deliver psychiatric services.

      h.    The positions require/d identical minimum qualifications of a valid Ohio license to practice from the Ohio Board of Nursing and a minimum of five years of experience working in the medical field, including past training and experience working specifically with the psychiatric population.

20. At all times relevant to this Complaint, Ms. Lambert and Ms. Lambert's male equivalent worked the same general schedules.

21. At all times relevant to this Complaint, Ms. Lambert and Ms. Lambert's male equivalent were both assessed, evaluated, diagnosed, and treated patients for a variety of psychiatric illnesses, including substance use disorders.

22. At all times relevant to this Complaint, Ms. Lambert and Ms. Lambert's male equivalent both documented information in Defendant's electronic health record system, ordered labs, and prescribed medications.

23. At all times relevant to this Complaint, Ms. Lambert and Ms. Lambert's male equivalent both had to be aware of appropriate community resources including JFS or SS agencies and hospitals for external referals.

24. At all times relevant to this Complaint, Ms. Lambert and Ms. Lambert's male equivalent both referred patients to people within the agency, including psychotherapists, case management service or crisis management.

25. At all times relevant to this Complaint, Ms. Lambert and Ms. Lambert's male equivalent both provided orders and communicated information with staff in the agency, including nurses, Mas, therapists, case managers, schedulers, and other office staff, to assist the patient care team as appropriate.

26. At all times relevant to this Complaint, Ms. Lambert and Ms. Lambert's male equivalent both signed documentation of care provided by other staff members supporting patient care.

27. At all times relevant to this Complaint, Ms. Lambert and Ms. Lambert's male equivalent both determined the care timeframe and scheduled patients for follow up appointments.

28. At all times relevant to this Complaint, Ms. Lambert and Ms. Lambert's male equivalent both participated in professional development inside and outside of the agency.

29. At all times relevant to this Complaint, Ms. Lambert and Ms. Lambert's male equivalent both met with clients to provide care, when necessary covering each other for absences and vacations.

30. When Defendant decided to pay Ms. Lambert's male equivalent more than it paid Ms. Lambert it was aware that the decision would potentially run afoul of federal and state laws prohibiting it from paying employees of different sexes different wages for equal work and Defendants management engaged in debate about whether the decision to pay the male employee a higher wage than Ms. Lambert would violate those laws.

31. Upon information and belief, Defendant was warned by its in-house human resources manager at the time that paying Ms. Lambert's male equivalent more for the equal work performed by the two employees would violate federal and state laws prohibiting discriminatory pay.

32. Defendant nonetheless paid and continues to pay Ms. Lambert's male equivalent referenced above a higher wage than it paid Ms. Lambert for equal work throughout her tenure.

33. Historically, Defendant has paid every other female employee who has held the Psychiatric APRN position in its Medsom department substantially less than it paid and continues to pay Ms. Lambert's male equivalent.

34. On February 22, 2021, Ms. Lambert formally complained through counsel about the fact that she was being paid a lower wage than her male equivalent for equal work and requested that Defendant remedy the situation.

35. Defendant refused.

36. Instead, *via* affidavit testimony of its CFO, Defendant replied to Plaintiff's complaint about unlawful discriminatory pay by threatening her employment, attesting that "in consequence of [Ms. Lambert's attorney's] investigation […] [I have become] concerned about

[Ms. Lambert's] competency and integrity, especially with respect to her demonstrated lack of ethical awareness.]

37. On May 25, 2021, in retaliation against Ms. Lambert for complaining about discriminatory pay, Defendant issued Ms. Lambert a written warning, ostensibly in part for an incident that occurred on July 14, 2016.

38. Effective September 16, 2021, because Defendant's unremedied, continuing unlawful wage discrimination rendered completion of clinical hours toward her PhD untenable, and because Defendant put its "writing on the wall" relative to Ms. Lambert's continuing employment in the wake of her complaint about discriminatory pay, Ms. Lambert resigned from employment with Defendant.

39. Ms. Lambert was fully qualified for the positions she held during her tenure with Defendant.

40. Ms. Lambert was an excellent employee and consistently met or exceeded Defendant's expectations throughout her tenure.

41. There are no permissible qualifying factors (seniority, merit, or otherwise) that justify the disparity in pay between Lambert and the male employee referenced above.

## COUNT I
## EQUAL PAY ACT OF 1963

42. Plaintiff incorporates by reference all other averments set forth in this Complaint as if fully set forth herein.

43. Defendant has engaged in sex discrimination against Ms. Lambert, by paying her lesser wages than the wages of a similarly situated male working in the same department and in the same job, requiring equal skill, effort, and ability.

44. Defendant was aware that discriminatory pay violates federal and state law, has refused to give Ms. Lambert raises despite being aware and advised of the unlawful disparity, and refused to remedy the disparity regardless of Ms. Lambert's complaints about discriminatory pay.

45. Such pay disparity was not based on merit, seniority, or other legally permissible factors.

46. Defendant's conduct was willful.

47. Plaintiff is entitled to her back pay in an amount that is equal to discrepancy in pay for the past three years, as well as her costs and reasonable attorney fees, and any other compensation or remedy available to her in law or equity.

## COUNT II
### R.C. § 4111.05 – Discriminatory Pay

48. Plaintiff incorporates by reference all other averments set forth in this Complaint as if fully set forth herein.

49. Defendant has engaged in sex discrimination against Ms. Lambert, by paying her lesser wages than the wages of a similarly situated male working in the same department and in the same job, requiring equal skill, effort, and ability.

50. Defendant was aware that discriminatory pay violates federal and state law, has refused to give Ms. Lambert raises despite being aware and advised of the unlawful disparity, and refused to remedy the disparity regardless of Ms. Lambert's complaints about discriminatory pay.

51. Such disparity in pay was not based on merit, seniority, or other legally permissible factors.

52. Defendant's conduct was willful.

53. Plaintiff is entitled to her back pay in an amount that is equal to discrepancy in pay for the past three years, as well as her costs and reasonable attorney fees, and any other compensation or remedy available to her in law or equity.

## COUNT III
## FL STATUTES CHAPTER 448 § 07 – Discriminatory Pay

54. Plaintiff incorporates by reference all other averments set forth in this Complaint as if fully set forth herein.

55. Defendant has engaged in sex discrimination against Ms. Lambert, by paying her lesser wages than the wages of a similarly situated male working in the same department and in the same job, requiring equal skill, effort, and ability.

56. Defendant was aware that discriminatory pay violates federal and state law, has refused to give Ms. Lambert raises despite being aware and advised of the unlawful disparity, and Defendant refused to remedy the disparity regardless of Ms. Lambert's complaints about discriminatory pay.

57. Such disparity is not based on merit, seniority, or other legally permissible factors.

58. Defendant's conduct was willful.

59. Plaintiff is entitled to her back pay in an amount that is equal to discrepancy in pay for the past three years, as well as her costs and reasonable attorney fees, and any other compensation or remedy available to her in law or equity.

**WHEREFORE,** Plaintiff Theresa Lambert respectfully requests that this Honorable Court enter judgment in her favor in an amount greater than $75,000.00, as follows:

a. Back pay;

b. Front pay;

c. Compensatory damages for emotional distress, mental anguish, and pain and suffering;

d. Punitive damages;

e. Liquidated damages;

f. Court costs, expenses, prejudgment interest, postjudgment interest and attorney's fees; and

g. Any other relief authorized by law and deemed just and proper.

Respectfully submitted,

/s/ Tod J. Thompson
Tod J. Thompson (Ohio Bar No. 0076446)
Plaintiff's Trial Lawyer
810 Sycamore St., 5th Floor
Cincinnati, OH 45202
Tel: (513) 322-4348
Fax: (513) 263-9001
Email: tod@tthompsonlaw.com

## JURY DEMAND

Plaintiff, Theresa Lambert, hereby demands a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

/s/ Tod J. Thompson
Tod J. Thompson (Ohio Bar No. 0076446)